THOMPSON, J.
 

 This appeal is from a sentence of from two to three years in the penitentiary on a conviction of assault toy willfully shooting at.
 

 It appears that J. H. Weaver was on his front gallery when the defendant shot at him. After the shooting, Weaver dug from the wall of his house a buckshot and when testifying as a witness described how he took the shot out of his wall, that there was none in the wall before the shooting, and that he had kept possession of. the shot until presented in court.
 

 The defendant objected to the introduction of the buckshot in evidence because it was self-serving; that it had not been shown that the buckshot had ever been in possession of the sheriff or any officer of the court, and that the same had not been sufficiently identified as the buckshot which had been dis-r charged from the gun of Waller.
 

 The objections are without merit. The offering of the buckshot was in no manner self-serving, the witness Weaver had kept the buckshot in his possession, and there is no law which required it to be delivered , to the sheriff or to any other officer of the court. The identification was sufficient in the opinion of the court to which we subscribe.
 

 The second bill is equally without merit. It seems that one Polk had sold and delivered a shotgun to Weaver on or about July 1, 1929, and the two had testified to that fact at the instance of defendant’s counsel on cross-examination. The defendant- placed on the stand a witness Lingefelt and asked him if he saw Polk deliver the shotgun to Weaver one night during the first week of August, 1929, and further asked the witness if he heard the remarks of Polk at the time the gun was delivered.
 

 An objection was made by the district attorney, that the evidence was hearsay and was irrelevant for any purpose whatever unless it was to attack the credibility of Polk or Weaver, and if that was the purpose no foundation had been laid. The objection was sustained.
 

 The purpose of the proffered testimony appears to have been to show that Weaver had bought the gun in anticipation of having- a difficulty with the defendant.
 

 There was nothing, however, in the mere fact of the purchase of the gun that would indicate any such intention or ' purpose of making an attack on Wallen,
 

 
 *1005
 
 There was nothing whatever to connect the purchase of the gun with the assault by the defendant. '
 

 The defendant had attacked Weaver earlier in the day on which the shooting occurred and had threatened to kill him. The parties separated, and some time thereafter Waller left his neighborhood with his shotgun, went towards Weaver’s house, and when nearing it shot at Weaver, who returned the fire and shot Waller.
 

 In these circumstances the objection to the testimony was properly sustained.
 

 What has been said disposes of bill of exception No. 3.
 

 Bills Nos. 4 and 5 relate to the same subject-matter.
 

 In illustrating a point in his argument to the jury, the district attorney called the name of Bell and of Gibson, who were members of the jury. The counsel for defendant objected as being a personal appeal to the particular jurors and a friendly and I>ersonal contact with them.
 

 The court was not called upon to take any action in the matter; counsel contented themselves with merely making the objection and taking a bill.
 

 However, we are not impressed with the importance of the action of the district attorney which counsel seem to attach to it.
 

 We can discover therein no misconduct calculated to prejudice the defendant, :and certainly no one would ascribe such an intention and purpose to the district attorney.
 

 As a matter of fact, counsel for defendant in their brief disclaim making any such charge against the district attorney further than that of singling out and calling the names of the two jurors. And they say further in their brief that they do not contend nor argue that the district attorney called the names of the jurors with any intent to improperly influence the jury or any member thereof, or with any intent to be unjust or unfair to the defendant.
 

 Finding no prejudicial error in any of the matters complained of, the conviction and sentence are affirmed.